CHARLES D. FIST v. THE O-ZELL COMPANY.[1]

October 27, 1922.

No. 22,882.

**Breach of contract of employment by employe question for the jury.**

1. In an action to recover a commission for work and services rendered, where the defense was that the employe breached his contract and was therefore not entitled to recover, *held* that under the evidence it was a question for the jury whether the employe had failed to comply with the terms of the contract of employment.

[1]Reported in 190 N. W. 260.

**Charge to jury.**
>   2. The charge of the court to the jury examined and no reversible error found in connection therewith.

Two actions in the district court for Hennepin county, one to recover for wrongful discharge from employment, and the other to recover $7,613.10 for commissions. The cases were tried together before Hale, J., who at the close of the testimony denied defendant's motions for directed verdicts in each case, and a jury which returned a verdict in favor of defendant in the damage case and a verdict in favor of plaintiff in the sum of $4,467.62 in the commissions' case. From an order in the latter case denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Edward W. Hawley* and *Kingman, Cross, Morley & Cant,* for appellant.

*Henderson, Wunderlich, Brandebury & Stiles* and *Robert M. Works,* for respondent.

QUINN, J.

Defendant, an Illinois corporation, was engaged in the manufacture and sale of jellies and jams, with its factory and principal place of business at Chicago. On September 11, 1916, it entered into an agreement with Charles N. Lockwood, whereby the latter was to become the advertising and sales director of the former, for the term of 5 years at the agreed salary of $4,000 per year and 10 per cent of the net earnings of the company, to be computed at the end of each calendar year and paid within 30 days thereafter. The parties entered upon the performance of this agreement, and in May, 1918, modified the same so that Lockwood was to receive, in lieu of the salary above mentioned, 5 per cent of all moneys received by the company from the sale of its products, the same to be computed on a statement rendered by the company on the fifth day of each month showing the amount of money received during the preceding month. The commission was to cover Lockwood's compensation for services and expenses, and he was to give his services exclusively to the company.

Prior to the bringing of this action, Lockwood assigned his claim for commission and for damages against the company on account of an alleged breach of the contract, to the plaintiff, who brought this action to recover on account of such commission, and also another action to recover damages for the alleged breach of the contract of employment by the defendant. The actions were tried together. The jury returned a verdict in favor of defendant in the damage case and in favor of the plaintiff, in the sum of $4,467.62 in the commission case. From an order denying its alternative motion for judgment or for a new trial, defendant appealed.

The cases were tried in Hennepin county before the late Judge Hale and a jury. The court submitted all the issues to the jury in a very clear and painstaking manner, upon the theory that the defendant was liable for the amount of the commission earned by Lockwood remaining unpaid, unless Lockwood, by his own acts, had breached the terms of his contract of employment, in which event the defendant would not be liable, unless the jury found from the proofs that the defendant waived such breach, if any there was. We see nothing wrong in the course pursued by the learned trial judge. It was and is strongly urged on behalf of defendant that it conclusively appeared from the evidence that Lockwood breached the terms of the contract by failing to give his services exclusively to the company in that he interested himself in other business, refused to comply with the reasonable requests of the company, and on November 7, 1919, repudiated his contract, and that for these reasons the court erred in submitting such issues to the jury and should have ordered judgment in favor of the defendant. We are unable to concur in the contention of defendant. It was insisted on behalf of the respondent that Lockwood kept and performed the terms of his contract with appellant in every particular, and that the appellant failed and refused to keep the same on its part. These issues were, we think, properly submitted to the jury, and the testimony amply sustains the verdict. The assignments of error all go to the sufficiency of the evidence and the charge or refusal of the court to charge the jury, in neither of which do we find any reversible error. The 5 per cent commission was payable monthly

and the amount found to be owing was of itself sufficient to base a finding that defendant had not kept its part of the contract.

Affirmed.